# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00055-MR-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| CEDRIC LLAWENLLYN SURRATT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Objection to Court's Amended Judgment" [Doc. 51].

On January 8, 2013, a jury found the Defendant guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [See Docs. 1, 26]. The Defendant was sentenced on November 26, 2013, to a term of 100 months' imprisonment "to be served consecutively to any undischarged sentence imposed in 11CRS3905 and 11CRS51584 in Cleveland County, North Carolina, or any other undischarged term of incarceration imposed or to be imposed by this Court or any other Court in any other matter." [Doc.

35 at 2]. The Fourth Circuit Court of Appeals affirmed the Defendant's conviction and sentence on September 29, 2014. [Doc. 46].

On January 2, 2018, this Court entered an Amended Judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure correcting the Title and Section numbers of the Defendant's offense of conviction, and leaving all other terms of the original Judgment in full force and effect. [Doc. 48].

The Defendant now moves pursuant to Rule 36 for correction of the Amended Judgment, arguing that the it "erroneous[ly] indicates the sentence imposed is to be served consecutively to unrelated State sentences that were imposed in violation of the United States Constitution under the Sixth and Fourteenth Amendments." [Doc. 51 at 1].

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. As noted above, the Amended Judgment only corrects a clerical error in the Title and Section numbers of the offense of conviction. The provision in the Amended Judgment that the sentence is to be served consecutively to any unserved State sentence was contained in the original Judgment and remained unaffected by the amendment. While

the Defendant contends that he is merely seeking a "correction" of the Amended Judgment, he is in fact challenging the imposition of a consecutive sentence. Such a challenge may be made only on direct appeal or in an appropriate post-conviction proceeding, not a motion to correct under Rule 36. Accordingly, the Defendant's Rule 36 motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Objection to Court's Amended Judgment" [Doc. 51] is **DENIED.**

**IT IS SO ORDERED.**

Signed: February 2, 2018

Martin Reidinger
United States District Judge