**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00074-MR
[CRIMINAL CASE NO. 1:12-cr-00055-MR-DLH-1]**

| | |
|---|---|
| CEDRIC LLAWENLLYN SURRATT, ) ) Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and his "Amended Pleading" [Doc. 2]. For the reasons that follow, the Court concludes that the petition must be dismissed as untimely.

**I. PROCEDURAL HISTORY**

On January 8, 2013, Petitioner was found guilty after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:12-cr-00055-MR-DLH-1 ("CR"), Doc. 26: Jury Verdict]. Judgment was entered on December 12, 2013.[1] [CR Doc. 35: Judgment].

---

[1] On January 2, 2018, this Court entered an amended judgment for the sole purpose of

On November 26, 2013, this Court sentenced Petitioner to 100 months' imprisonment. Petitioner appealed, and on September 29, 2014, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. [CR Doc. 46].

On January 22, 2018, Petitioner filed a "Motion for Leave to File Out-of-Time Motion Pursuant to 28 U.S.C. § 2255." [CR Doc. 49]. On January 24, 2018, this Court denied the motion, noting that the Court was without authority to grant him leave to file an untimely motion to vacate. [CR Doc. 50]. In this Order, the Court advised Petitioner that if he "chooses to file a motion under § 2255, it will be incumbent upon him to demonstrate that such motion is timely under § 2255(f)." [Id. at 2].

Petitioner placed the instant petition in the prison mailing system on March 19, 2018, and it was stamp-filed in this Court on March 21, 2018. [Doc. 1]. Petitioner then filed an "Amended Motion to Vacate" on April 13, 2018. [Doc. 2].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings"

---

correcting a clerical error in the original judgment. [CR Doc. 48].

in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction on September 29, 2014. Petitioner did not file a petition for certiorari with the Supreme Court. Petitioner's conviction therefore became final for purposes of Section 2255(f)(1) ninety days from the date of the Fourth Circuit's decision. Clay v. United States, 537 U.S. 522, 532 (2003). Because Petitioner did not file the instant motion to vacate within a year of when his conviction became final, his petition is untimely under § 2255(f)(1). Further, Petitioner does not contend that his claims are based upon a newly recognized right or upon recently discovered facts such that his petition would be timely under § 2255(f)(3) or (4). Rather, Petitioner contends that his petition is timely under Section 2255(f)(2).[2]

In arguing that his petition is timely under § 2255(f)(2), Petitioner contends that the Government intentionally delayed filing its initial indictment against Petitioner. [Doc. 1-1 at 6]. He also argues that the state prison where he was initially incarcerated pending the resolution of certain state charges

---

[2] In Hill v. Braxton, the Fourth Circuit found that district courts are required to advise a pro se petitioner that his habeas motion or petition is subject to dismissal as time-barred under the AEDPA, and to give petitioner an opportunity to explain his delay before entering a sua sponte dismissal of the case. 277 F.3d 701, 706 (4th Cir. 2002). The Court finds that, based on Petitioner's discussion of timeliness in his petition, the rule articulated in Hill has been satisfied.

4

also somehow served as an impediment to timely filing because it prevented him from receiving a speedy trial. [Id. at 9]. Petitioner fails to show, however, how the timing of the initial charging document or his initial state incarceration created an impediment to him filing a timely motion to vacate following his conviction. The question of the timeliness of a 2255 petition pertains to the actions after a defendant's judgment becomes final. Defendant herein only references events that occurred before he was even prosecuted.

Finally, Petitioner has presented no grounds that warrant equitable tolling. Equitable tolling is available only when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Equitable tolling is limited to "'rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)), cert. denied, 135 S. Ct. 2890 (2015). Here, Petitioner can show neither due diligence nor that an extraordinary circumstance prevented him

from filing a timely motion.

**IV. CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1], as amended [Doc. 2], is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.** Signed: May 22, 2018

Martin Reidinger
United States District Judge